596

783 A.2d 244

IN THE MATTER OF REGISTRANT M.A.S.

Superior Court of New Jersey
Appellate Division

Argued October 9, 2001—Decided October 22, 2001.

Before Judges ANTELL and BILDER.

The opinion of the court was delivered by

ANTELL, P.J.A.D. (Retired and temporarily assigned on recall).

Registrant appeals from a Megan's Law order dated September 26, 2001 classifying him as a Tier II/moderate risk sex offender. His score on the Registrant Risk Assessment Scale (hereinafter "RRAS") is 43, placing him clearly within the Tier II range. His appeal focuses on criterion # 6 of the scale, (1) Duration of Offensive Behavior. The prosecutor concluded, and the trial court agreed, that his offensive behavior extended over a period of more than two years. Accordingly, he was scored three points for that item which, weighted by a multiple of three, contributed nine points to his overall score.

On August 31, 1992 registrant was convicted of criminal sexual contact, *N.J.S.A.* 2C:14–3b, upon O.R., an adult woman, on November 27, 1991. He was sentenced to serve one year on probation. On August 28, 1998 he was convicted of sexual assault, *N.J.S.A.* 2C:14–2b, upon C.P., a four-year old infant, on March 25,

1997. For this he was sentenced to a four-year custodial term in State Prison and was paroled on March 13, 2001.

 For purposes of criterion # 6, the trial court measured the duration of registrant's offensive behavior by the period of time between the 1991 attack on O.R. and the 1997 violation of C.P. Registrant argues on appeal that this was error, that there was no relationship between the two offenses and that they were merely isolated events separated by an interval of more than five years. That the two violations happen to be sex offenses, he argues, is not a sufficient "nexus" for them to constitute the measure of "duration" under criterion # 6.

 The RRAS divides into four categories of criteria designed to forecast a particular registrant's risk of reoffense: seriousness of offense, offense history, characteristics of offender and community support. Under offense history are listed five separate markers. They are as follows together with their numerical designation on the scale: (4) victim selection, (5) number of offenses/victims, (6) duration of offensive behavior, (7) length of time since last offense, (8) history of anti-social acts. Each of these separate facets of a registrant's past wayward conduct, working in complement with the others, adds to our ability to forecast his risk of reoffending.

Although criterion # 6 is not set forth as explicitly as the others, we have no doubt as to its meaning. If by the word "duration" the drafters had intended to address only a single continuing criminal event, it would not have been difficult to express that intent. Instead, they involved us in the larger concept of "offensive *behavior*" (emphasis ours), embracing certainly either a single prolonged illicit event or multiple events spread out over a period of time.

In this case, registrant sexually violated an infant child more than five years after his earlier encounter with the criminal justice system for a different sexually driven offense. To say that the duration of his offensive behavior is not defined by the time span

encompassing the two crimes we must ignore what is obvious, that the second offense was merely an overt manifestation of what was latent throughout this long period of time and suggests that he is therefore a high risk for the future. It is in this latency that the continuum intrinsic to the concept of "duration" is found, thereby justifying the nine point assessment under criterion # 6.

In our view, the language chosen for criterion # 6 was sponsored by the drafters' belief that the longer the interval during which the diseased impulses unobservably fester between eruptions, the greater the danger that registrant will act out again in the future. In this case, where registrant's disturbed sexual drives again broke out into criminal misconduct more than five years after his previous offense, this marker tells us that the risk of reoffense is high. We think our analysis is supported by the Supreme Court decision in *In re Registrant J.M.*, 167 *N.J.* 490, 506, 772 *A.*2d 349 (2001), when it wrote:

> Consideration of past crimes of a sexual nature is crucial to understanding a registrant's propensity to use force or target children, as well as understanding the registrant's duration of offensive behavior, number of victims, and length of time since his last offense. That information that aids in the assessment and design of the proper scope of notification is abundantly relevant to the protection of the public.

■ The order dated September 26, 2001 presented for review, classifying registrant as a Tier II/moderate risk offender and providing for notification, which we find to be supported by clear and convincing evidence, accordingly is affirmed.